UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

JOHN L. NUGENT, JR.,

                    Plaintiff,

          -vs-                          **No. 1:15-CV-00111 (MAT)**
                                        **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

─────────────────────────────────

## I.    Introduction

Represented by counsel, plaintiff John L. Nugent, Jr.("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

─────────────────────────

[1]Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II.  Procedural History

Plaintiff protectively filed an application for DIB on August 5, 2011, which was denied. Administrative Transcript ("T.") 72-75, 123-26. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") David S. Lewandowski on May 15, 2013. T. 33-70. On May 31, 2013, ALJ Lewandowski issued a decision in which he found that plaintiff was not disabled as defined in the act. T. 15-27. On December 11, 2014, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-3 This action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity from March 26, 2008, the alleged onset date, through December 31, 2009, the date he last met the insured status requirements of the Act. T. 20. At step two, the ALJ found that plaintiff suffered from the severe impairments of left knee degenerative disease (status post-arthroscopy) and cervical pain (status post fusion of C3-4 and C5-6). *Id.* At step three, the ALJ found that, through the date last insured, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id.*

Before proceeding to step four, the ALJ determined that, through the date last insured, plaintiff retained the RFC to perform light work as defined in 20 CFR 404.1567(b) except that he could only occasionally climb stairs, rotate his neck from side to side, or perform overhead activities, could not kneel, crouch, crawl, or climb ladders, ropes, or scaffolds, and could sit for four hours and stand/walk for four hours in an eight-hour workday. T. 21.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 26. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform. *Id*. Accordingly, the ALJ found plaintiff not disabled. T. 27.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## I. The ALJ's RFC Determination was not Based on Substantial Evidence

Plaintiff argues that remand of this matter is required because the ALJ's RFC determination was not based on substantial evidence. Specifically, plaintiff notes that the ALJ rejected the only medical source opinion that assessed plaintiff's functional capacity, thereby creating an evidentiary void that the ALJ failed to fill. The Court agrees.

"It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not . . . . Encompassed in this duty is the requirement that an ALJ assemble the claimant's complete medical history and re-contact treating physicians or obtain consultative examinations where the information received is inadequate to determine whether the claimant is disabled." *Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) (internal quotations omitted). "[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion. . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotations omitted); *see also Filocomo v. Chater*, 944 F. Supp. 165, 170 (E.D.N.Y. 1996) ("In the

absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

In this case, the only physician who offered a medical opinion regarding plaintiff's functional capacity was Dr. John Ring, Jr., an orthopedic surgeon who examined plaintiff on June 4, 2008, and opined that he was capable of performing only sedentary work with a restriction to lifting less than 20 pounds. T. 216-17. The ALJ gave Dr. Ring's opinion "little weight" because it was rendered prior to plaintiff's arthroscopy. T. 25.

Plaintiff initially argues that the ALJ erred in affording little weight to Dr. Ring's opinion. The Court disagrees. It is well-established that "medical source opinions that are . . . stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing date and did not account for her deteriorating condition); *Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery). The ALJ was entitled to give

little weight to Dr. Ring's opinion, which was based on an incomplete medical record.

However, the Court agrees with plaintiff that, having rejected Dr. Ring's opinion, the ALJ was left with an evidentiary void regarding plaintiff's functional capacity. The ALJ was required to attempt to fill that evidentiary void, but apparently made no effort to do so. Remand is therefore required.

The Commissioner argues that no further development of the record was required because treating physician Dr. James A. Smith sent a letter to the Workers' Compensation Board on November 24, 2008 in which he stated, "I think [plaintiff] could resume his duties in two weeks' time." T. 231. Contrary to the Commissioner's argument, this statement by Dr. Smith does not establish that plaintiff was capable of returning to work at that time. The language used by Dr. Smith ("I think") makes it clear that he is offering his best guess as to plaintiff's future functioning, not making a definitive assessment thereof. Importantly, plaintiff's medical records after November 24, 2008 do not support the conclusion that he in fact was capable of returning to regular duty at that time. For example, physical therapy notes from June 2011 specifically state that plaintiff failed to improve following his arthroscopic meniscectomy. T. 220. Although these records are from the period after plaintiff's last-insured date, "[e]vidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement [i.e., insured status] was last met is pertinent evidence in that it may disclose the severity

and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date." *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991) (internal quotation omitted).

The Court is also not persuaded by the argument that plaintiff's own testimony established that he was not disabled prior to his last insured date. Plaintiff testified before the ALJ that he wanted to return to work and that, in 2009, he thought he could work at "75 percent" and perform "light duty." T. 43-44. These statements do not constitute substantial evidence regarding plaintiff's functional capacity. There is no basis for concluding that the term "light duty" as used by plaintiff is the equivalent of light work as defined in the Commissioner's regulations - plaintiff is not an attorney who is versed in the language of the regulations, and it is equally (if not more so) likely that his conception of "light duty" would fall within the definition of sedentary work. Moreover, plaintiff's statements were vague and tentative - when the ALJ specifically asked him if he thought he could have worked light duty full-time in 2009, plaintiff stated that he "would have dared [sic] [his] best." T. 44. Plaintiff's commendable desire to return to work and his statement that would have tried his best to perform light duty in 2009 had it been offered to him simply do not constitute substantial evidence that he was capable of performing light work at that time.

The Court further notes that, although plaintiff's last-insured date is remote in time, the ALJ still could have sought a retrospective opinion from plaintiff's treating physician (or a consulting physician) in order to fill the evidentiary gap. *See, e.g., Campbell v. Astrue*, 596 F. Supp. 2d 446, 452 (D.Conn. 2009)(a "retrospective medical diagnosis by a subsequent treating physician is entitled to controlling weight when no medical opinion in evidence contradicts a doctor's retrospective diagnosis finding a disability") (internal quotation omitted). Indeed, as plaintiff notes in his motion papers, numerous treating physicians who examined plaintiff both before and after his last-insured date opined that he was disabled in the workers' compensation context. While the ALJ was correct to note that different standards apply to Social Security disability determinations (*see* T. 25), he could and should have re-contacted these physicians for additional clarification of their opinions.

In sum, the Court finds that while the ALJ was entitled to afford little weight to Dr. Ring's opinion, doing so left an evidentiary gap that the ALJ was affirmatively required to make an effort to fill. The ALJ's failure to do so was not harmless, and so remand is required.

## II. Assessment of Plaintiff's Credibility

Plaintiff has also argued that the ALJ improperly assessed his credibility. Because the Court has already determined that remand is required in this case, it need not and does not reach this argument. On remand, the ALJ should consider plaintiff's

credibility in light of the record as a whole, including any newly obtained information.

## V.    Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:      September 14, 2017
            Rochester, New York.